WO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elizabeth Jurado Armendariz,<br><br>    Plaintiff,<br><br>v.<br><br>Northeast Collection Bureau Incorporated, et al.,<br><br>    Defendants. | No. CV-18-01622-PHX-DLR<br><br>**ORDER** |

Plaintiff Elizabeth Jurado Armendariz moves for default judgment against Defendant Northeast Collection Bureau Incorporated ("NCBI") pursuant to Federal Rule of Civil Procedure 55(b). (Doc. 23.) No response has been filed and the time for filing one has passed. For reasons stated below, Plaintiff's motion is granted.

**I. Background**

On May 29, 2018, Plaintiff filed a civil action against NCBI for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). (Doc. 1.) After several unsuccessful attempts to serve NCBI's statutory agent, Plaintiff requested permission to effect service by posting a copy of the Summons and Complaint on the door of the statutory agent and by mailing a copy thereof to the public addresses listed for the statutory agent. (Doc. 9.) Finding good cause, the Court granted this request. (Doc. 11.) Subsequently, NCBI was properly served but failed to answer or otherwise defend within the time prescribed by the Federal Rules of Civil Procedure. (Docs. 13, 15.) Upon

application by Plaintiff, the Clerk entered default against NCBI. (Doc. 19.) Plaintiff now seeks entry of a default judgment. (Doc. 23.)

**II. Default Judgment Standard**

After default is entered by the clerk, the district court may enter default judgment pursuant to Rule 55(b). The court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The following factors may be considered in deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish all damages sought in the complaint. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

**III. Discussion**

**A. Possible Prejudice to Plaintiff**

The first *Eitel* factor weighs in favor of default judgment. NCBI failed to respond to the complaint or otherwise appear in this action despite being served with the complaint and the application for default. If default judgment is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The prejudice to Plaintiff in this regard supports the entry of default judgment.

**B. Merits of the Claims and Sufficiency of the Complaint**

The second and third *Eitel* factors favor a default judgment where the complaint

states a claim for relief under the notice pleading standards of Rule 8. *See id.* at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). Here, Plaintiff alleges violations of the FDCPA, specifically, NCBI's attempt to collect the debt by threatening legal action when none was intended and failing to provide Plaintiff notice concerning electronic bank withdrawals it was taking from Plaintiff's account. A review of the well-pled allegations shows that Plaintiff has stated a plausible claim to relief against NCBI. The second and third *Eitel* factors, therefore, favor a default judgment.

### C. Amount of Money at Stake

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of Defendant's conduct. *See PepsiCo*, 238 F. Supp. 2d at 1176. Plaintiff seeks $1,000.00 in statutory damages, plus attorney's fees of $2,082.50[1] and court costs of $530.00. (Doc. 23 at 1.) Section 1692k(a) of the FDCPA provides that a consumer may recover statutory damages of up to $1,000.00 for violations of the Act. Given the severity of NCBI's conduct it is not unreasonable for Plaintiff to seek full statutory damages. This factor weighs in favor of a default judgment.

### D. Possible Dispute Concerning Material Facts

Given the sufficiency of the complaint and NCBI's default, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *PepsiCo*, 238 F. Supp. 2d at 1177.

### E. Whether Default Was Due to Excusable Neglect

NCBI was properly served with process in this matter. It therefore "is unlikely that [NCBI's] failure to answer and the resulting default was a result of excusable neglect." *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008). Thus, the sixth *Eitel* factor, like the other five discussed above, weighs in favor of default judgment.

---

[1] The statutory language of the FDCPA makes an award of attorneys' fees to a successful plaintiff mandatory. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) ("The FDCPA's statutory language makes an award of fees mandatory."). Finding that the requested fees are reasonable under the Lodestar method, Plaintiff's request for attorneys' fees is granted below.

### F. Policy Favoring a Decision on the Merits

The last factor always weighs against default judgment given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Indeed, NCBI's failure to answer the petition "makes a decision on the merits impractical, if not impossible." *Gemmel*, 2008 WL 65604, at *5. Stated differently, it is difficult to reach the merits when the opposing party is absent. Because Plaintiff has asserted plausible claims for relief to which NCBI has failed to respond, the policy encouraging decisions on the merits does not weigh against the granting of default judgment in this case.

## IV. Conclusion

Having reviewed the record and considered the *Eitel* factors as a whole, the Court concludes that entry of a default judgment against NCBI is appropriate under Rule 55(b). Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment (Doc. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that default judgment shall be entered in favor of Plaintiff and against NCBI in the total amount of $3,612.50, including

1. $1,000.00 in statutory damages under the FDCPA;
2. $2,082.50 in attorneys' fees; and
3. $530.00 in costs.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 55(b), the Clerk of Court shall enter judgment in accordance with this order and terminate this case.

Dated this 31st day of January, 2019.

Douglas L. Rayes
United States District Judge